IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BRENDA COLLAZO-RODRIGUEZ | * CIVIL NO. |
| Plaintiff | * AGE DISCRIMINATION IN |
| | * EMPLOYMENT ACT, 29 U.S.C. |
| | * § |
| vs. | *    et seq.; Arts. 1802 & 1803 of the |
| | * Puerto Rico Civil Code; Law 100 |
| PUERTO RICO TELEPHONE CO., | * of June 30 1959, 29 P. R. L. A. |
| NANCY ELLEN HADDOCK; | * § 146 |
| ABC INSURANCE, INC., | * |
| JOHN DOE, JANE DOE | * |
| | * |
| Defendants. | * JURY TRIAL |
| | * |

## COMPLAINT

TO THE HONORABLE COURT:

COMES NOW the Plaintiff through the subscribing counsel and respectfully STATES AND PRAYS:

### I.  JURISDICTION

This Honorable Court has jurisdiction to entertain this civil action pursuant to the provisions of the Age Discrimination in Employment Act, 29 USC Sec. 621 et seq., the American with Disabilities Act, 42 USC Sec. 121010 et seq., and 28 U.S.C. § 1331. Also, under 28 USC § 1367 this Court has supplemental jurisdiction over the causes of action arising under the laws of the Commonwealth of Puerto Rico: Law Number 100 of June 30, 1959, 29 P.R.L.A. § 146 et seq. Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141 and 5142, respectively.

### II.  PARTIES

**Plaintiff**

1

**BRENDA COLLAZO RODRIGUEZ**, of legal age, single, retired from codefendant Puerto Rico Telephone Company and resident of Parque de Villa Caparra # 19, Guaynabo, Puerto Rico, 00966-1686, with telephone number (787) 774-8143 and (787) 450-5468.

**Defendants**

**PUERTO RICO TELEPHONE COMPANY**, a corporation authorized to do business in Puerto Rico, and former plaintiff's employer, Pueblo Viejo, 1515 Roosevelt Ave., San Juan, Puerto Rico, with the same postal address and telephone number (787) 782-8282.

**NANCY ELLEN HADDOCK**, of legal age, married, former plaintiff's supervisor in the Puerto Rico Telephone Company. This defendant's address is Pueblo Viejo, 1515 Roosevelt Ave., San Juan, Puerto Rico, with the same postal address and telephone number (787) 782-8282, Codefendant Haddock is sued in her official and personal capacity.

**ABC INSURANCE, INC.,** is an insurance company whose real name is unknown at this time, that had issued an insurance policy to respond for the risk detailed in this complaint.

**JOHN DOE and JANE DOE,** are natural or legal entities, whose real names are unknown at this time, whom are liable to the plaintiff for the damages suffered as a result of the negligent acts or omissions described in the complaint.

### III.   JURY TRIAL

Plaintiff request jury trial.

### IV.   STATEMENT OF FACTS

1. Plaintiff Brenda Collazo-Rodriguez started working for the Puerto Rico Telephone Company on April 13, 1981 as Communications Consultant, Level 10.

2. Within a year plaintiff was promoted to Accounts Executive, Level 14.

3. After five (5) years working for the Puerto Rico Telephone Compnay Plaintiff was promoted to Sales Manager.

4. In 1996 Plaintiff was promoted to Sales Director, Level 18.

5. In 2004 Puerto Rico Telephone Company created the position of Risk Management.

6. Codefendant Nancy Ellen Haddock was assigned to that position.

7. Plaintiff came to be under the supervision of codefendant Haddock.

8. Plaintiff was born on July 31, 1951.

9. Codefendant Haddock is younger than plaintiff.

10. Since codefendant Haddock became the person in charge of Risk Management she began to persecute, humiliate and ostracize plaintiff Collazo-Rodriguez.

   a. Haddock refused to assign personnel to Plaintiff in order to be able to comply with the objectives and goals of Plaintiff's department.

   b. Haddock transferred plaintiff's secretary to another department.

c. Haddock transferred Plaintiff's Credit Management Officer to another department.

d. Haddock would scream to plaintiff telling her: "Go out to the street to collect [payments on Puerto Rico Telephone Company accounts]."

e. When plaintiff brought to the attention of codefendant Haddock that certain charges could not be billed to the customers, Haddock screamed to the plaintiff in the presence of other employees.

f. Codefendant Haddock refused to provide plaintiff with a copy of plaintiff's performance evaluation in order for plaintiff to respond and object to Haddock's assessments against her.

g. In the last minute and for purposes of plaintiff performance evaluation, Haddock included two objectives that had not been part of the original objectives and goals for the year.

h. Codefendant Haddock deprived plaintiff of the human resources necessary to attain the goals and objectives of her department.

i. Codefendant Haddock ignored plaintiff and assigned tasks to the employees under Plaintiff's supervision without even informing her, despite the fact that plaintiff was the manager in her department.

j.  Codefendant Haddock met with the employees under plaintiff's supervision and in her absence, and then told the employees not to tell anything to plaintiff.

k.  In a disrespectful manner and in front of the employees, codefendant Haddock told plaintiff that she (Haddock) did not know why she paid so much money to plaintiff; that she (Haddock) did not know what plaintiff did [in her work].

k.  In 2006 Codefendant Haddock cancelled plaintiff's vacations for allegedly not being able to achieve the department's goals. However, the fact is that the goals and objectives of the department not only were achieved, but were also exceeded.

l.  Codefendant Haddock called for meetings of plaintiff's department and did not informed plaintiff but rather intentionally ignored her.

m.  Codefendant Haddock did not answer plaintiff's messages.

n.  Codefendant Haddock deprived plaintiff of her duties as manager of the Puerto Rico Telephone Company.

o.  Codefendant Haddock intentionally created the conditions to evaluate plaintiff negatively.

11.  Codefendant Haddock gave the same hostile and discriminatory treatment to other employees in the protected group.

12. Mr. Frazer Acosta, who was sixty one (61) was forced to quit from his job due to codefendant Haddock's humiliating, persecutory and discriminatory treatment against him.

13. Plaintiff was a good employee, which was acknowledged by the employer through plaintiff's performance review since she started to work with Puerto Rico Telephone Company.

14. Plaintiff was able to collect One Hundred Twenty One Million Dollars ($121,000,000.00) in a division in which no more than fifty millions ($50,00,000.00) were usually collected.

15. Due to plaintiff's effectiveness, plaintiff's division was able to achieve 97% of the goals.

16. Upon codefendant Nancy E. Haddock becoming plaintiff's immediate supervisor she started to evaluate plaintiff negatively in order to force her to quit from her job.

17. Troubled and humiliated by codefendant's Haddock hostility, disrespectful and discriminatory treatment, Plaintiff decided to file a complaint with her employer's Human Resources Department.

18. However, when plaintiff went to the Puerto Rico Telephone Company Human Resources Department to file a complaint against codefendant Haddock, Mr. José

Ramos (the officer in charge of taking the complaint), intimidated plaintiff telling her that he had never lost a case.

19. On February 2006 plaintiff wrote a letter to Ms. Cristina Lambert, Puerto Rico Telephone Company's President.

20. On September 26, 2007, after Haddock accused plaintiff of inducing her to an error related to the Office of Management and Budget, plaintiff could not resist any more and had to report to the State Insurance Fund.

21. Plantiff began to receive psychiatric treatment.

22. As a result of codefendant Haddock's discriminatory actions, plaintiff lost salaries and benefits.

23. Plaintiff returned to work on May 5, 2008.

24. Codefendant Haddock substituted plaintiff in her position with a young men, Orlando Torres.

25. Plaintiff had to return to her psychiatrist who prescribed her to rest.

26. Due to defendant's actions, plaintiff had to exhaust her accrued sick leave (68 days) and vacations leave (23 days).

27. Plaintiff lost benefits.

28. When plaintiff attempted to return to her job on September 19, 2008, codefendant Puerto Rico Telephone Company conditioned her reinstatement to undergo a psychiatric evaluation by PRTC's psychiatrist, Dr. Victor Lladó.

29. After Dr. Lladó certifying that plaintiff was able to return to work she reported back to her job on September 22, 2008.

30. Upon her return, plaintiff was verbally assigned to work to a space area without a computer, without a telephone, without the necessary tools and means to perform her duties.

31. No letter was delivered to plaintiff explaining said personnel transaction nor explaining the reason for such an arbitrary move.

32. Plaintiff was left without duties and no job was assigned to her.

33. Plaintiff duties were assigned to Mr. Orlando Torres, who was around forty three (43) years old, fourteen (14) years older than plaintiff.

34. While Plaintiff was deprived of her duties, her job was assigned to Mr. Orlando Torres, who had less seniority and experience than plaintiff in her position.

35. Even worst, plaintiff was prohibited to communicate with and attend other areas, which she needed to do for the performance of her duties.

36. Plaintiff filed a charge of age discrimination with the Antidiscrimination Unit of the Commonwealth of Puerto Rico Department of Labor

and Human Resources and with the Equal Employment Opportunity Commission (16H-2009-00317).

37. On February 17, 2010 the Equal Employment Opportunity Commission issued a Notice of Right to Sue, which was received by plaintiff on February 19, 2010.

38. As a result of defendants' actions plaintiff had to undergo psychiatric treatment and suffered tangible losses.

39. On May 19, 2010, plaintiff filed a complaint in the United States District Court for the District of Puerto Rico. (Brenda Collazo-Rodriguez v. Puerto Rico Telephone Company and Nancy Ellen Haddock, Civil No. 10-1417 (CCC).

40. On September 28, 2010, the Honorable Court entered Judgment of Dismissal Without Prejudice.

## V.   FIRST CAUSE OF ACTION

39. The averments contained in Sections IV of this Complaint are re-alleged.

40. Plaintiff suffered tangible harassment and adverse employment actions due to her age.

41. Such actions were intentional and constitute a reckless violation of the statutory prohibitions of the Age Discrimination in Employment Act, 29 USCS§ 621 et seq.

42. In addition, plaintiff has suffered from the loss of her income and fringe benefits which is estimated in an amount not less than $40,000.00.

43. Plaintiff physical and emotional health has been irreparably harmed by defendants' actions. Plaintiff's damages as a result of Defendant's violation of her rights under the Age Discrimination Act are estimated in an amount of not less than $300,000.00.

44. As a result of defendants' discriminatory actions against plaintiff and its effect on her emotional and physical health it is estimated that she will not be ever able to return to work. In addition, due to Plaintiff age, it is unlikely that she will be able to obtain a job with benefits comparable to the benefits she had attained in codefendant Puerto Rico Telephone Company after years of effort and excellent performance. Therefore, plaintiff's loss of income until age of retirement (70 years) –not considering salary increases, bonuses, and other benefits-- is estimated in an amount not less than $100,000.00

## VI. SECOND CAUSE OF ACTION

45. The averments contained in Sections IV of this complaint are re-alleged.

46. Defendant actions against Plaintiff Ruiz violated her rights under Article II (Bill of Rights) of the Constitution of the Commonwealth of Puerto Rico; Law 100 of June 30, 1959.

47. Under Law 100 of June 30, 1959, Plaintiff is entitled to an award that doubles the amount granted to her in damages.

48. Plaintiff Ruiz's damages are estimated in an amount of not less than $300,000.00

### VII. THIRD CAUSE OF ACTION

49. Codefendants' action against Plaintiff constitute a contractual violation of plaintiff's rights and privileges under codefendant Puerto Rico Telephone Company's Employee's Manual.

50. The damages suffered by plaintiff as a result of such contractual violations are estimated in an amount not less than $150,000.00.

### VIII. FOURTH CAUSE OF ACTION

51. For the time relevant to his complaint Insurance Company A, B & C had issued an insurance policy to cover the risk described above.

52. Insurance Company A, B & C is jointly liable with codefendants for the damages suffered by plaintiffs.

### IX. PRAY FOR REMEDIES

Plaintiffs hereby respectfully request from this Honorable Court the following:

a) Economic compensation for all Plaintiff's damages, such as mental pain, suffering and anguishes.

b) The impositions of liquidated damages.

c) The imposition of punitive and compensatory damages.

d) An economic compensation for Plaintiff's loss of salary and fringe benefits.

e) That all sums adjudicated be effectively doubled as established by Puerto Rico Laws.

f)   Grant any other equitable relief.

g)   That Attorney's fees and expert's fees be granted.

h)   That pre-judgment and post judgment interests be imposed.

i)   That all expenses and costs of litigation be awarded.

j)   That Plaintiff be granted such other further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 26th day September 2011.

*EFRAIN MACEIRA ORTIZ*
USDC-PR NO.: 215511
Cond. El Centro II, Suite 1002
Muñoz Rivera Ave. #500
San Juan, Puerto Rico 00918
Tel.: (787) 250-0002
Fax: (787) 754-6411
E-mail: emaceira@yahoo.com